UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA J. WILLIAMS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV851 JCH |
| ) | |
| ALPHA TERRACE DEVELOPMENT ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Alpha Terrace Development Corporation's Motion to Dismiss Plaintiffs' [sic] Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 5) and Defendant Sansone Group/DDR LLC's Motion to Dismiss Plaintiffs' [sic] Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 6), both filed on May 25, 2012. These motions are fully briefed and ready for disposition.

**BACKGROUND**[1]

Plaintiff Linda Williams is an African-American female who had been managing the Alpha Terrace Apartments. (Complaint, ECF No. 1, ¶ 1). Defendant Alpha Terrace Development Corporation ("Alpha Terrace") is a non-profit corporation which owned and managed the Alpha Terrace Apartments ("the Apartments") and employed Plaintiff. (Id., ¶ 2). The Apartments are a low-income government-subsidized apartment complex located in the inner city of St. Louis. (Id., ¶ 6). Defendant Sansone Group/DDR LLC ("Sansone") provided management services to government-subsidized housing facilities such as the Apartments. (Id., ¶ 3).

---

[1] The facts in the Court's background section are taken directly from Plaintiff's Complaint (ECF No. 1). Defendants have not yet filed Answers to Plaintiff's Complaint.

Plaintiff began her employment with the Apartments in 1981. (Id., ¶ 6). Plaintiff became Property Manager of the Apartments in 1992. (Id.). Plaintiff was serving as the Property Manager of the Apartments in 2004 when Alpha Terrace and Sansone entered into an agreement for Sansone to assume the management of the Apartments. (Id.). Sansone began assuming the financial and physical control of the Apartments in 2004. (Id., ¶ 7). In 2006, Alpha Terrace began the process of seeking federal tax credits, which required obtaining certain certifications from tenants. (Id.).

In June 2007, Alpha Terrace and Sansone asked Plaintiff to attend a one-day seminar with personnel from Sansone regarding the paperwork involved in seeking the federal tax credits. (Id., ¶ 8). In May 2008, Plaintiff met with a tax credit compliance officer to discuss the forms required for compliance with the federal tax credit program. (Id.).

In November 2008, Alpha Terrace board members and personnel from Sansone met with Plaintiff to discuss the importance of certifying the tenants in order to be in compliance with the federal tax credit program requirements. (Id., ¶ 9). Defendants subsequently denied Plaintiff the additional full-time assistance she requested to prepare the necessary forms to meet the compliance deadline. (Id.).

On January 9, 2009, Plaintiff was removed by Alpha Terrace and Sansone from her position as Property Manager of the Apartments and advised that she was being transferred to St. Raymond's, another property managed by Sansone. (Id., ¶ 10). Plaintiff was told that her transfer would be for two months, and that the Property Manager at St. Raymond's would be transferred to the Apartments during this time. (Id.). Plaintiff began working at St. Raymond's on January 12, 2009. (Id.).

During January and February 2009, Plaintiff discovered the previous Property Manager at St. Raymond's had engaged in improper practices, including the following:

- theft of tenant deposits;

- admitting a tenant with whom Sansone personnel had a personal relationship;
- failing to change unit locks with each change of tenancy;
- copying the master key;
- having units shown to tenants by a social worker rather than the Property Manager; and
- improper certification of tenants.

(Id., ¶ 12).  Plaintiff brought these improprieties to the attention of her supervisor, but no corrective action was taken.  (Id., ¶ 13).  Some time later Plaintiff learned that she was not scheduled to return to the Apartments.  (Id.).  Plaintiff was subsequently blamed for St. Raymond's negative state inspection and for a $10,000 fine levied by the government for matters related to the Apartments. (Id., ¶ 14).  Plaintiff was also denied make-up work time.  (Id.).

Plaintiff informed Alpha Terrace and Sansone that she questioned whether her replacement at the Apartments was properly handling the paperwork necessary for the Apartments to receive federal tax credits.  (Id., ¶ 15).  Plaintiff also informed Alpha Terrace and Sansone that she believed that the behavior of her predecessor at St. Raymond's violated federal and state policies and procedures.  (Id., ¶ 16).

In August 2009, Alpha Terrace and Sansone informed Plaintiff that they were planning to terminate her employment.  (Id., ¶ 17).  Plaintiff's last day of employment was December 4, 2009. (Id., ¶ 18).

Plaintiff filed this action in this Court on May 11, 2012, on the basis of subject-matter jurisdiction under 28 U.S.C. § 1331.  Plaintiff's Complaint contains four counts: Count I alleges retaliation under 42 U.S.C. §§ 1981 and 1983; Count II alleges race discrimination under § 1981; Count III alleges race discrimination under Title VI of the 1964 Civil Rights Act (42 U.S.C. 2000d-

1); and Count IV alleges a "whistleblower cause of action" under Missouri law. As indicated above, Defendants Alpha Terrace and Sansone filed their respective motions to dismiss on May 25, 2012, asserting that Plaintiff's Complaint fails to state a claim upon which relief can be granted.[2]

## STANDARD

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006). As a practical matter, such dismissal should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint there is some insuperable bar to relief. Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999); see also 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1357, at 565 (3d ed. 2004) (stating that "relatively few complaints fail to meet this liberal standard and thereby become subject to dismissal" under Rule 12(b)(6)).

---

[2]Specifically, Defendant Alpha Terrace's Motion to Dismiss "expressly incorporates by reference...all of the arguments that Defendant Sansone made in its Motion to Dismiss." (ECF No. 5, p. 3). Defendant Alpha Terrace also raises the additional arguments that it did not employ Plaintiff at the time of the alleged wrongful acts and that any alleged wrongdoing on its part is barred by the applicable statute of limitations. (Id.).

**DISCUSSION**

As an initial matter, the Court notes that Plaintiff has voluntarily dismissed Count I of his Complaint. (Plaintiff's Response to Defendants' Motions to Dismiss ("Plaintiff's Response", ECF No. 12, p. 3). The Court will therefore not address Defendants' arguments with regards to Count I, and Count I of Plaintiff's Complaint is dismissed. Additionally, the Court declines to address the argument that Plaintiff has failed to state a claim upon which relief can be granted in Count III of Plaintiff's Complaint, as Defendants initially attacked Count III[3] for failing to state a claim under Title VII despite the fact that Count III alleges a cause of action under Title VI. Since Defendant Sansone raised its Title VI arguments for the first time in its Reply, the Court will not address these arguments. See Westfield, LLC v. IPC, Inc., No. 4:11CV155, 2012 WL 1205794, at *2 n. 1 (E.D.Mo. Apr. 11, 2012) ("Defendant improperly raises this argument for the first time in its Reply Memorandum, however, and thus the Court will not address it here."); Universal Sewing Supply, Inc. v. Artek Sewing Supplies, Inc., No. 4:05CV974, 2005 WL 2211146, at *2 n. 3 (E.D.Mo. Sept. 8, 2005).

**I.      Count II: Race Discrimination Pursuant to 42 U.S.C. § 1981**

Defendants argue Plaintiff's Complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure in that it does not give Defendants fair notice of the grounds for Plaintiff's claims of racial discrimination under 42 U.S.C. § 1981. Specifically, Defendants argue Plaintiff's Complaint fails to offer any details to support her allegation that "Defendant Sansone has deliberately denied plaintiff and other African-Americans management positions because of their race." (Motion to Dismiss, p. 6, citing Complaint, ¶ 26).

---

[3]Both Defendant Sansone's Motion to Dismiss and Defendant Sansone's Reply (ECF No. 15) improperly state that Plaintiff's Title VI/Title VII claims are in Count IV of Plaintiff's Complaint.

The Eighth Circuit has held that a plaintiff "must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007). While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (internal citations and quotations omitted). A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint. Id. (internal citations and quotations omitted).

Here, Plaintiff has pled no factual allegations of racial discrimination. Plaintiff's Complaint alleges that Plaintiff "was treated differently by Defendants than white females who held property manager positions similar to the position held by Plaintiff" and that "Defendant Sansone has deliberately denied plaintiff and other African-Americans management positions because of their race." (Complaint, ¶¶ 25, 26). Plaintiff's Complaint provides no facts in support of these allegations. Thus, the Court finds insufficient factual allegations to provide the grounds on which Plaintiff's claims of racial discrimination under 42 U.S.C. § 1981 claim rest. Therefore, Defendants' motions to dismiss must be granted as to Plaintiff's claims in Count II.

**II.     Count IV: "Whistleblower Cause of Action"**

Defendants argue Plaintiff's Complaint fails to state a cause of action for whistleblowing under Missouri law because it fails to cite a specific constitutional provision, statute, or regulation that Defendants' conduct allegedly violated. Defendants also argue Plaintiff's Complaint fails to explain how the conduct at issue violates public policy.

The at-will employment doctrine is well-established Missouri law. Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661 (Mo. 1998); Dake v. Tuell, 687 S.W.2d 191 (Mo. 1985); Amaan v. City of Eureka, 615 S.W.2d 414 (Mo.1981). Absent an employment contract with a "definite statement of duration, ... an employment at will is created." Luethans v. Washington University, 894 S.W.2d 169 (Mo. 1995). An employer may terminate an at-will employee "for any reason or for no reason." Crabtree v. Bugby, 967 S.W.2d 66, 70 (Mo. banc 1998).

The at-will doctrine is limited in certain respects. Fleshner v. Pepose Vision Institute, Inc., 304 S.W.3d 81, 91 (Mo. 2010). For instance, Missouri recognizes the public-policy exception to the at-will-employment rule:

> [W]here an employer has discharged an at-will employee because that employee refused to violate the law or any well established and clear mandate of public policy as expressed in the constitution, statutes and regulations promulgated pursuant to statute, or because the employee reported to his superiors or to public authorities serious misconduct that constitutes violations of the law and of such well established and clearly mandated public policy, the employee has a cause of action in tort for damages for wrongful discharge.

Id. Thus, "a wrongful discharge action must be based on a constitutional provision, a statute, a regulation based on a statute or a rule promulgated by a governmental body. Absent such explicit authority, the wrongful discharge action fails as a matter of law." Margiotta v. Christian Hosp. Northeast Northwest, 315 S.W.3d 342, 346 (Mo. 2010) (internal citations omitted).

Here, Plaintiff's Complaint fails to mention any specific constitutional provision, statute, regulation based on a statute, or rule promulgated by a governmental body. Plaintiff's Complaint states that she believed Defendants actions were "serious violations" of "HUD and state regulations, policies and procedures," but Plaintiff does not identify any of these regulations, policies, and procedures. In the absence of allegations specifying the violations of law that Plaintiff claims resulted in her wrongful discharge, Plaintiff has failed to properly plead her wrongful discharge claims, and

the Court need not address Defendants' argument that Plaintiff's Complaint also fails to specify how the conduct at issue violated public policy. Therefore, Defendants' motions to dismiss must be granted as to Plaintiff's claims in Count IV.

### III.     Defendant Alpha Terrace's Individual Arguments

As noted above, Defendant Alpha Terrace's Motion to Dismiss contains two additional arguments as to why Plaintiff's Complaint should be dismissed: first, it did not employ Plaintiff at the time of the alleged wrongful acts, and second, any alleged wrongdoing on its part is barred by the applicable statute of limitations.

The Court will deny Defendant Alpha Terrace's Motion to Dismiss on these additional grounds. At this stage in the litigation, it is inappropriate for the Court to determine that Defendant Alpha Terrace was not Plaintiff's employer at the time of the alleged wrongful acts. Additionally, Plaintiff's Complaint alleges Defendants retaliated against Plaintiff for exposing the improper conduct of her predecessor in early 2009, and Plaintiff alleges she was wrongfully terminated by Defendants in December 2009. These actions fall within the four- or five-year statute of limitations cited by Defendant Alpha Terrace. Thus, Defendant Alpha Terrace's Motion to Dismiss must be denied as to its individual arguments.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Alpha Terrace Development Corporation's Motion to Dismiss Plaintiffs' [sic] Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 5) is **GRANTED** in part and **DENIED** in part in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Defendant Sansone Group/DDR LLC's Motion to Dismiss Plaintiffs' [sic] Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 6) is **GRANTED** in part and **DENIED** in part in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Friday, August 10, 2012**, to file an amended complaint in accordance with the foregoing.

Dated this   27th   day of July, 2012.

>                    /s/Jean C. Hamilton
>                    UNITED STATES DISTRICT JUDGE