# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **LINDA J. WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 4:12-CV-00851-NAB** |
| **vs.** | ) | |
| | ) | |
| **ALPHA TERRACE DEVELOPMENT** | ) | |
| **CORPORATION,** | ) | |
| **SANSONE GROUP,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW plaintiff Linda J. Williams, by and through her counsel, and for her cause of action against defendants the Alpha Terrace Development Group and the Sansone Group, states the following as her First Amended Complaint:

### Parties

1. Plaintiff Linda Williams is an African-American female, who was at all times relevant herein a citizen and resident of the City of St. Louis, who until her termination by Defendants had been employed since 1981 in the capacity of managing the Alpha Terrace Apartments.

2. Defendant Alpha Terrace Development Corporation (hereinafter referred to as "Alpha Development") is and was at all times relevant herein a non-profit corporation organized and existing under the laws of the State of Missouri and conducting business in the City of St. Louis, which owned and managed the Alpha Terrace Apartments and employed Plaintiff.

3. Defendant the Sansone Group (hereinafter "Sansone")is and was at all times relevant herein a corporate entity existing pursuant to the laws of the State of Missouri and conducting business in the City of St. Louis, which, among other things, is in the business of providing

management services to government subsidized housing facilities such as the Alpha Terrace Apartments.

**Jurisdiction and Venue**

4.  The court has jurisdiction over this matter pursuant to 28 U.S.C Section 1331, and its power of pendant jurisdiction.

5.  Venue is proper under 28 U.S.C 1391 (b)(1) because the Defendants are deemed to reside in the District and pursuant to 28 U.S.C. 1391 (c).  Venue is also proper because the events giving rise to this action occurred in this District.

**FACTS**

6.  In 1981, Plaintiff began her employment with Alpha Terrace Apartments, a low income government subsidized apartment complex located in the inner city of St. Louis.  Because of her excellent job performance, Plaintiff quickly rose to the rank of Property Manager of the Alpha Terrace Apartments in 1992.  Plaintiff was serving in that position of Property Manager when Defendants Alpha Development and Sansone entered into an agreement in 2004 for Sansone to assume the management of the Alpha Terrace Apartments, which involved the continuance of federal housing assistance payments.

7. Beginning in 2004, Sansone started assuming the financial and physical control of the Alpha Terrace Apartment complex.  In 2006, Alpha Development began the process of seeking federal tax credits, which necessitated obtaining certain certifications from the tenants in order to qualify the Alpha Terrace Apartment project for the tax credits.

8. In June 2007, Plaintiff was requested by Defendants to attend a one day seminar with personnel from Sansone regarding the paperwork involved in seeking the federal tax credits, and in May 2008, Plaintiff, along with management personnel of Sansone, met with a tax credit compliance officer to discuss the forms required for compliance with the federal tax credit program.

9. In November 2008, Board members of Alpha Development and personnel from Sansone met with Plaintiff and discussed the importance of certifying the tenants in order to be in compliance with the tax credit program requirements.  However, despite there being a deadline approaching for the tax credit certification, Defendants denied Plaintiff the additional full-time

2

assistance she needed and requested in order to accurately and properly prepare the necessary forms to meet the deadline.

10. On Friday, January 9, 2009, Plaintiff was abruptly removed by Defendants from her position as Property Manager of Alpha Terrace Apartments and advised that she was being transferred to another property managed by Sansone known as St. Raymond's.    Plaintiff was told by Defendants that her transfer to St. Raymond's would only be for a temporary period of two months, and that the Property Manager at St. Raymond's would be transferred to Alpha Terrace for this period of time.  Plaintiff was also told that day to get keys made for Sansone personnel, who would be coming in the following day to assume working on getting the tenants certified in order for the tax credit compliance.  When Plaintiff told Defendants that she would be willing to come in the next day – a Saturday - to assist them in this process, she was told to stay away and to report to the St. Raymond's facility on Monday.  It struck Plaintiff as strange that they would now want to completely exclude her from having any involvement in preparing the paperwork necessary to meet the approaching tax credit deadline, particularly since she was so intimately familiar with the information necessary to make sure the paperwork was accurate.

11. On Monday, January 12, Plaintiff reported to St. Raymond's, where she learned that a fire had occurred there just one month earlier, causing a great deal of vacancies, tenant transfers and related issues.  She also learned that the person who had been the Property Manager at St. Raymond's had been transferred by Sansone to Alpha Terrace Apartments.

12. During the months of January and February 2009, Plaintiff, as she delved more into the records and practices of Sansone's management at St. Raymond's, discovered improper practices that had been conducted by and under the auspices of the predecessor Sansone Property Manager, such as:

 (a) theft of deposits of tenants;

 (b) improperly allowing a tenant with whom Sansone personnel had a personal relationship;

 (c) not changing locks of units with each change of tenancy, causing a crime spree;

 (d) copying of master key;

 (e) units being shown to tenants by social worker rather than property manager; and

(f) improper certifications of tenants.

13.  Plaintiff brought these improprieties directly to the attention of her supervisor, who was a member of Sansone's management, but was ignored and rebuffed in her efforts to have any corrective action taken – a "sweeping under the rug" attitude by Sansone management Plaintiff experienced.  Thereafter Plaintiff learned, to her surprise, that the plans were for her not to ever return to Alpha Terrace.

14. Over the following months of 2009, Plaintiff felt and experienced retaliation by Defendants for having exposed the improprieties, such as being blamed for a negative state inspection received by Sansone for the St. Raymond's facility; blamed for Sansone being fined for $10,000 by the government because of matters related to the Alpha Terrace Apartments; and being denied make-up work time.

15. Plaintiff also learned during this period that her predecessor Property Manager at St. Raymond's, whose improprieties Plaintiff had exposed to Sansone, was placed over at Alpha Terrance Apartments with the responsibility of providing the paperwork necessary - such as tenant certifications - in order for Alpha Terrace to be in compliance to receive federal tax credits.  Plaintiff advised Defendants that she seriously questioned whether the paperwork for such compliance was being properly and accurately carried out by her replacement at Alpha Terrace.

16. Plaintiff made it known to Defendants that the information that she had discovered about the management activities of her predecessor at St. Raymond's was such that it violated what she believed to be both the law and the policies and procedures of the federal and state governments, and also made it known to Defendants that her St. Raymond's predecessor managing the paperwork for compliance to obtain the tax credits for Alpha Gardens should be carefully scrutinized by Defendants.

17. After bringing to Defendants' attention all the improprieties she had discovered with respect to the property manager who had assumed her position at Alpha Terrace Apartments, and after questioning Defendants whether accurate information had been submitted for the Alpha Terrace Apartments tax credit application, in August 2009, Defendants' advised Plaintiff that they were planning to terminate her employment.

18. After rejecting Plaintiff's efforts for a severance arrangement commensurate with her twenty-eight years of employment, Defendants advised Plaintiff that her "last day of employment with Sansone Group will be December 4, 2009."

## Count I
## Race Discrimination Title VI

19.  This court has jurisdiction pursuant to Title VI of the 1964 Civil Rights Act ( 42 U.S.C. 2000d-1).

20.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18 of this Complaint.

21.  Defendants are the recipient of federal funds allocated and administered by the United States Department of Housing and Urban Development ("HUD").

22.  Defendants have engaged in race discrimination with these federal funds by Defendant Sansone's systemic exclusionary practice of denying plaintiff and other African Americans positions in management, and have also engaged in unlawful retaliation against Plaintiff for her calling to Defendants' attention violations of HUD regulations, policies and procedures by Defendants' personnel.

23.  Defendants' actions were deliberate, willful, wanton and malicious, and have caused Plaintiff emotional pain, suffering, inconvenience, humiliation and mental anguish.

## PRAYER FOR RELIEF

 **WHEREFORE**, Plaintiff prays this Court for a judgment against all Defendants as to **Count I,** together and separately, in a sum in excess of One Hundred-Thousand Dollars ($100,000.00) as compensatory pay damages, damages for emotional pain, suffering, inconvenience, humiliation and mental anguish;  punitive damages according to proof; and for the costs of Court, prejudgment and post judgment interest allowed by law, attorney's fees and for such additional relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,
/S/ Eric E. Vickers

_____
Eric E. Vickers #31784MO
7800 Forsyth, Suite 700
St. Louis, Mo. 63105
(314) 420-8700 (314) 875-0447 fax
eric_vickers@hotmail.com
Attorney for Plaintiff

## Certificate of Service

I hereby certify that a copy of the foregoing was sent this August 10, 2012 via the court's electronic mail system to Brian E. McGovern, Esq., attorney for defendants.

**/S/ Eric E. Vickers**
_____
Eric E. Vickers