## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LINDA J. WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) Cause No. 4:12-CV-00851-JCH |
| | ) |
| v. | ) |
| | ) |
| ALPHA TERRACE DEVELOPMENT CORP., | ) |
| | ) |
| And | ) |
| | ) |
| SANSONE GROUP/DDR, LLC, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

COME NOW Defendant Sansone Group/DDR, LLC ("Sansone") and Defendant Alpha Terrace Development Corp. ("Alpha Terrace") by and through their undersigned counsel, and for their Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. 24] for Failure to State a Claim upon which relief can be granted in the above-captioned matter, states as follows:

    A.    <u>Procedural status of case</u>

Plaintiff filed her original Complaint on May 11, 2012. Plaintiff's original Complaint alleged the following causes of action:

- <u>Count I</u>: Retaliation under 42 U.S.C. § 1983, 42 U.S.C. § 1981;

- <u>Count II</u>: Race discrimination under Title VI of the 1964 Civil Rights Act;

- <u>Count III</u>: Race discrimination under Title VII; and

- <u>Count IV</u>: Whistleblower under Missouri common law.

Thereafter, Defendants moved to dismiss [Doc. 5 & 6]. On July 27, 2012, the Court granted Defendants' Motion to Dismiss, in part, [Doc. 24] and dismissed all causes of action except for Count II for race discrimination under Title VI of the 1964 Civil Rights Act, but gave Plaintiff leave to amend her Complaint.

On August 10, 2010 Plaintiff timely filed her First Amended Complaint. Once again, Defendants move to dismiss.

B. Overview of Plaintiff's allegations

Plaintiff's complaint alleges a single cause of action against Defendant Sansone for race discrimination pursuant to Title VI of the 1964 Civil Rights Act (42 U.S.C. § 2000d-1).

The factual allegations that Plaintiff makes in her First Amended Complaint are identical to those alleged in her original Complaint.

In general, Plaintiff alleges that Defendant Sansone employed her, primarily as a Property Manager for a government subsidized apartment complex called Alpha Terrace Apartments from approximately 1981 – December 4, 2009. Pl. 1st Amend. Comp. at ¶ 6, 18. Around January 9, 2009, Plaintiff alleges that she was transferred from Alpha Terrace Apartments to another apartment complex that Defendant Sansone provided management services for named St. Raymond's. Pl. 1st Amend. Comp. at ¶ 10.

However, Plaintiff's First Amended Complaint fails to include any factual allegations whatsoever that her transfer from Alpha Terrace Apartments or her termination was in any way related to her race. See generally Pl. 1st Amend. Comp. at ¶ 6-18. Rather, Plaintiff's claim is based entirely on the following conclusory allegation:

2

> 22. Defendants have engaged in race discrimination with these federal funds by Defendant Sansone's systematic exclusionary practice of denying plaintiff and other African Americans positions in management, and have also engaged in unlawful retaliation against Plaintiff for her calling to Defendants' attention violations of HUD regulations, policies and procedured by Defendants' personnel.

Doc. 24 at ¶ 22.

    C.    <u>Legal standard for motion to dismiss</u>

Very recently, the United States Supreme Court clarified the legal standard to be applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Indeed, in *Ashcroft v. Iqbal*, 129 S. Ct. 1955, 1940, 173 L.Ed.2d 868 (2009) the Court set forth the following standard:

> In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent" with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Id</u>. at 1949 (internal citations omitted).

Furthermore, the legal tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. at 1949-50. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. at 1950. Although Rule 8(a)(2) of the Federal Rules of Civil Procedure marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, it does <u>not</u> unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id*.

3

Thus, while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id*. Accordingly, where the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has not shown that the pleader is entitled to relief and it should therefore be dismissed.

As set forth more fully *infra*, the facts alleged by Plaintiff, as well as the lack of facts alleged, shows that her First Amended Complaint is insufficient as a matter of law. Therefore, the Court should dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted.

    D.    <u>Legal argument</u>

    1.    <u>Count I of Plaintiff's First Amended Complaint for race discrimination in violation of Title VI fails to allege a cause of action upon which relief can be granted because she has not, and cannot, allege that Defendants' receipt of tax credits was specifically intended to provide employment as required by 42 U.S.C. § 2000d-3</u>

Title VI of the Civil Rights Act of 1964 provides that no person shall "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Importantly, however, § 2000d-3 provides that "[n]othing in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization except where a primary objective of the Federal financial assistance is to provide employment." 42 U.S.C. § 2000d-3.

4

Thus, as interpreted by the Eighth Circuit, § 2000d-3 provides that a plaintiff may allege a Title VI claim in the employment context *only* where the statutory grant of funds or the federally assisted program at issue is *specifically intended to provide employment*. *Valentine v. Smith*, 654 F.2d 503, 512 (8th Cir. 1981).

For example, in *Nelson v. Special Administrative Board of the St. Louis Public Schools*, 4:11-cv-00904-AGF, 2012 WL 1994808 (E.D. Mo. 2012) this Court very recently rejected a claim by an African American woman alleging that she was paid less than a similarly situated white employee on the basis of her race by a recipient of federal funding. In granting the defendant's motion to dismiss, the Court noted that plaintiff failed to plead that the federal funding was designed to provide employment, and also indicated that there was no indication that discovery would reveal that its purpose was anything other than the provision of educational services. Accordingly, the Title VI claim was dismissed for failure to state a claim. *Accord Baugh v. Ozarks Area Community Action Corp.*, 09-03133-cv-s-DGK, 2010 WL 1253718 at * 4 (W.D. Mo. 2010)(dismissing claim by employee that did not allege that his former employer, allegedly a federally assisted program, received federal funds for the primary objective of providing employment); *Weller v. Legal Aid of Western Missouri*, 05-0041-cv-w-FJG, 2005 WL 2090781 (W.D. Mo. 2005)(same).

Count I of Plaintiff's First Amended Complaint likewise fails to state a cause of action upon which relief can be granted because it too fails to allege that Defendants' purported receipt of federal tax credits was for the primary objective of providing employment.[1]

---

[1] Note that Plaintiff was on notice that Defendants intended to raise this argument given that it was included in their Reply Brief in support of the Motion to Dismiss the original Complaint [Doc. 5&6]. However, despite having this advantage, along with having two (2) weeks to "beef up" her Complaint, Plaintiff fails to include any factual allegation that Defendants' receipt of HUD funds were provided for the primary objective of facilitating employment in her First Amended Complaint.

Rather, it is readily apparent that the primary purpose of tax credits issued by the Department of Housing and Urban Development is to provide an incentive to developers to build and maintain housing for low income individuals. In that regard, the present facts are materially indistinguishable from *Valentine*, *Nelson*, *Baugh* and *Weller*, and Count I of Plaintiff's First Amended Complaint is likewise subject to dismissal.

    2.    <u>In the alternative, Count I of Plaintiff's Complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, as interpreted by *Twomblay* and *Iqbal*, in that it does not give Defendant Sansone fair notice of the grounds upon which Plaintiff claims that Defendant Sansone denied her management positions because of her race rests is based, and is therefore subject to dismissal</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief", in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twomblay*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual detail, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct. *Id*. at 1949; *Kaplan v. Evans*, 4:11-cv-00153-NAB, 2011 WL 6740427 at * 1 (E.D. Mo. 2011); *Carmi v. U.S. Government*, 4:11-cv-693-NAB, 2011 WL 1576882 at * 2 (E.D. Mo. 2011).

Count I of Plaintiff's First Amended Complaint contains a threadbare recital that Defendant Sansone had a "systemic exclusionary practice of denying plaintiff and other African Americans positions in management." Pl. 1st Amend. Comp. at ¶ 22. However, Plaintiff fails to plead any detail about what management position she was denied, whether she was even interested in this position, when the alleged denial occurred, etc. To the contrary, Plaintiff pleads

6

that *she was promoted to a management position* on at least one occasion.  Pl. 1st Amend. Comp. at ¶ 6 ("Because of her excellent performance, Plaintiff *quickly rose to the rank of Property Manager* of the Alpha Terrace Apartments in 1992")(emphasis added).

Without more factual allegations to support her claim, Count I of Plaintiff's First Amended Complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure as interpreted by *Twomblay* and *Iqbal*, and as those standards have been applied by this Court to dismiss law suits that were similarly deficient.  Indeed, in dismissing Plaintiff's original Complaint, this Court held as follows:

> Here, Plaintiff has pled no factual allegations of racial discrimination.  Plaintiff's Complaint alleges that Plaintiff "was treated differently by Defendants than white females who held property manager positions similar to the position held by Plaintiff" and that "Defendant Sansone has deliberately denied plaintiff and other African-Americans management positions because of their race."  Plaintiff's Complaint provides no facts in support of these allegations.  Thus, the Court finds insufficient factual allegations to provide the grounds on which Plaintiff's claims of racial discrimination under 42 U.S.C. § 1981 claim rest.  Therefore, Defendants' motions to dismiss must be granted as to Plaintiff's claims in Count II.

Doc. 23 at p.6.

However, despite being given two (2) weeks to amend her law suit to provide adequate factual detail and support for same, Plaintiff's threadbare factual allegations remain unchanged.  Accordingly, nothing has changed since this Court originally dismissed her claim for racial discrimination on the basis that it failed to include adequate factual detail in support of the allegation.  Thus, Count I of Plaintiff's First Amended Complaint should likewise be dismissed in its entirety.

3. Plaintiff's First Amended Complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, as interpreted by *Twomblay* and *Iqbal*, in that it does not include sufficient factual allegations that Defendant Alpha Terrace employed Plaintiff at any time after 2004, and any claims against it prior to that time are barred by the statute of limitations

Plaintiff's First Amended Complaint alleges that she was employed by Defendant Alpha Terrace beginning in 1981 as a property manager at its Alpha Terrace Apartments. Pl. 1st Amend. Comp. at ¶ 1, 6. She then alleges that Defendant Alpha Terrace entered into a property management agreement in 2004 for Defendant Sansone to assume management of the Alpha Terrace Apartments where she worked, and at that point became employed by Defendant Sansone. Pl. 1st Amend. Comp. at ¶ 6-7 ("Beginning in 2004, Sansone started assuming the financial and physical control of the Alpha Terrace Apartment complex."). All of the alleged wrongful acts occurred after 2004 while she was employed by Defendant Sansone.

Accordingly, it is clear from the four corners of Plaintiff's First Amended Complaint that Defendant Alpha Terrace did not employ her at the time of the alleged wrongful acts. Of course, all of the causes of action that Plaintiff asserts require an employer-employee relationship in order to establish liability. Nonetheless, Plaintiff fails to allege that Defendant Alpha Terrace employed her at any time after 2004. To the contrary, Plaintiff explicitly alleges that Defendant Sansone employed her from that point until her termination on December 4, 2009.

Of course, to the extent that Plaintiff's Complaint can be read very broadly to imply that Defendant Alpha Terrace engaged in any wrongdoing prior to 2004, then any such allegations would be barred by the five (5) year statute of limitations which governs claims under Title VI. *Walker v. Barrett*, 650 F.3d 1198. 1205-06 (8th Cir. 2011); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 617-18 (8th Cir. 1995); R.S.Mo. § 516.120.4. Thus, Plaintiff's failure to allege that an employment relationship existed between her and Defendant Alpha Terrace after

2004 renders her First Amended Complaint against it subject to dismissal.

While the Court found in its Order denying Alpha Terrace's Motion to Dismiss [Doc. 23] that "[a]t this stage of the litigation, it is inappropriate for the Court to determine that Defendant Alpha Terrace was not Plaintiff's employer at the time of the alleged wrongful acts," Defendant Alpha Terrace notes that Plaintiff essentially pleads her claim against Alpha Terrace out of Court by alleging that Defendant Sansone assumed management of the apartments in 2004. Pl. 1st Amend. Comp. at ¶ 6-7. Given this allegation, as well as the absence of any other factual allegations that Defendant Alpha Terrace was Plaintiff's employer subsequent to the point in time when Defendant Sansone took over management of the complex, Plaintiff's First Amended Complaint facial plausibility against Defendant Alpha Terrace because it fails to pleads sufficient factual content to allows the Court to draw the reasonable inferences that Defendant Alpha Terrace was her employer under the *Twomblay* and *Iqbal* standard.

Therefore, Defendant Alpha Terrace is subject to dismissal for this additional reason.

WHEREFORE, Defendants respectfully requests the Court to grant their Motion to Dismiss and dismiss Plaintiff's First Amended Complaint against them in its entirety, and for such other and further relief and the Court deems just and proper.

        Respectfully submitted,

        MCCARTHY, LEONARD, KAEMMERER, L.C.

By:   /s/ Brian E. McGovern
       Brian E. McGovern, #34677 MO
       Bryan M. Kaemmerer, #52998 MO
       400 South Woods Mill Road, Suite 250
       Chesterfield, MO 63017-3481
       (314) 392-5200
       (314) 392-5221 (Fax)
       bmcgovern@mlklaw.com
       bkaemmerer@mlklaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 14th day of August 2012, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon the following:

Eric E. Vickers, Esq.
7800 Forsyth, Ste. 700
St. Louis, MO 63105
Attorney for Plaintiff

/s/ Brian E. McGovern